UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIA JOSEFINA PICHARDO SUAREZ, *Plaintiff*, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security Administration, *Defendant*. | No. 3:19-cv-00173 (JAM) |

### ORDER GRANTING MOTION TO STAY PENDING APPEAL

This is a Social Security disability case filed by plaintiff Maria Josefina Pichardo Suarez against the Commissioner of the Social Security Administration. On February 26, 2020, I issued a ruling granting Pichardo's motion to remand on the basis of my conclusion that the administrative law judge (ALJ) who ruled on Pichardo's claim was not validly appointed under the Appointments Clause of the U.S. Constitution and that Pichardo had not forfeited this claim by failing to raise this claim of error in the first instance before the ALJ. *See Suarez v. Saul*, 2020 WL 913809 (D. Conn. 2020), *appeal pending* No. 20-1358 (2d Cir.). My ruling required a remand for a new hearing before a different and properly appointed ALJ. *Ibid.*

The Commissioner has timely appealed my ruling, and has now moved for a stay pending appeal. Doc. #25. In determining whether to issue a stay pending appeal, a court should consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *S.E.C. v. Citigroup Global Mkts. Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (*per curiam*).

As to the first factor (likelihood of success), I conclude that the Commissioner has made a strong showing of a likelihood of success on the merits. This is not to suggest I believe that the Commissioner's position is correct, but to acknowledge that the issue presented is readily contestable as evidenced by a growing division among the federal courts of appeals. *Compare Ramsey v. Comm'r of Soc. Sec.*, -- F.3d --, 2020 WL 5200979 (6th Cir. 2020) (upholding unpreserved Appointments Clause challenge); *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020) (same), *with Davis v. Saul*, 963 F.3d 790 (8th Cir. 2020) (rejecting unpreserved Appointments Clause challenge); *Carr v. Comm'r of Soc. Sec.*, 961 F.3d 1267 (10th Cir. 2020) (same). It is apparent to me that the Commissioner has good faith grounds to appeal and that the appeal has not been taken for any improper purpose of delay.

As to the second factor (irreparable harm), I conclude that the Commissioner's right to seek review of my ruling requiring a new hearing to be conducted before a different administrative law judge would be effectively mooted if my ruling were not stayed pending appeal. Thus, the Commissioner has shown irreparable harm with respect to resolution of the very issue at stake in the appeal.

As to the third factor (harm to opposing party), it is true that further delay of a hearing will prolong an order of adjudication of Pichardo's claim, but it is not so clear that a new hearing would ultimately lead to an award of benefits. Any ultimate award of benefits would also be retroactive to include the period of time that has elapsed while this case is on appeal. In addition, the Commissioner represents that Pichardo is eligible to and has filed a new application for SSI benefits.

Lastly, as to the fourth factor (public interest), I conclude that the public interest weighs in favor of allowing the Commissioner to secure appellate review of my ruling. The ruling has

broad implications for scores of other cases, and it is appropriate that the Second Circuit address this issue before imposing a significant burden on on the Commissioner to assign a new ALJ to conduct a plenary review and new hearing.

Pichardo has objected to the Commissioner's motion, largely on grounds that the Commissioner waited several months before seeking a stay. I agree with Pichardo that the Commissioner did not act promptly and that that the Commissioner should know—like any other litigant—that if the Commissioner wishes to preserve the status quo pending appeal, then the burden is on the Commissioner to timely move for a stay pending appeal. Still, I have little doubt that I would have granted a timely motion to stay, and so it is not clear to me that Pichardo has suffered unfair prejudice due to the Commissioner's delay.

Accordingly, the Court GRANTS the Commissioner's motion for a stay pending appeal (Doc. #25).

It is so ordered.

Dated at New Haven this 15th day of September 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge